IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BRIAN J. WELSH<br><br>Debtor<br><br>BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP,<br>Plaintiff<br><br>vs.<br>BRIAN J. WELSH<br><br>WELLS FARGO HOME EQUITY, a division of WELLS FARGO BANK, N.A,<br>Defendants | Case No. 14-11503 BLS<br>Chapter 13<br><br>Adv. Proc. No. _____ |

**COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF BANK OF AMERICA, N.A.'S LIEN**

### I. PRELIMINARY STATEMENT

1. This is an action by a mortgage company to determine the effect of an erroneously recorded Mortgage Satisfaction Piece on the validity, priority or extent of its mortgage lien.

### II. JURISDICTION

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and (b)(2)(O).

4. Venue is property pursuant to 28 U.S.C. § 1409(a).

### III. PARTIES

5. Plaintiff, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP is a corporation who conducts business in the

543290

State of Delaware. Plaintiff's address is 100 North Tryon Street, Charlotte, NC 28255.

6. Defendant, Brian J. Welsh is the Debtor in the above captioned bankruptcy case. He resides at 1908 Gheen Road, Wilmington, DE 19808.

7. Defendant, Wells Fargo Home Equity, a division of Wells Fargo Bank, N.A. is a corporation who conducts business in the State of Delaware. Defendant Wells Fargo's address is 101 North Phillips Avenue, Sioux Falls, SD 57104.

## IV. FACTUAL ALLEGATIONS

8. The parties are as set forth above.

9. Defendant, Brian J. Welsh (hereinafter "Welsh") is the record owner of the real property that is the subject of this litigation. The real property (the "Property") is located at 1908 Gheen Road, Wilmington, Delaware 19808, known as tax parcel 08-043.20-123.

10. On or about April 19, 2007, Welsh executed and delivered to C & F Mortgage Corporation a promissory note (the "Note") in the amount of $205,000.00, plus interest at the rate of 5.875% per annum, attorneys' fees, costs and late charges to be paid over thirty years. A copy of the Note is attached hereto as Exhibit A and incorporated herein.

11. On or about April 19, 2007, Welsh, executed and delivered a Mortgage (the "First Mortgage") on the Property to Mortgage Electronic Registration Services, Inc. ("MERS") in the amount of $205,000.00. A copy of the First Mortgage is attached as Exhibit B and incorporated herein.

12. The First Mortgage was recorded on April 25, 2007 in the Office of the New Castle County Recorder of Deeds under Instrument No. 20070425-0037306.

13. On or about May 3, 2007, Welsh executed and delivered a Mortgage (the "Second Mortgage") on the Property in the amount of $60,000.00. A copy of the Second Mortgage is

543290

attached as Exhibit C and incorporated herein.

14. The Second Mortgage was recorded on May 9, 2007 in the Office of the New Castle County Recorder of Deeds under Instrument No. 20070509-0041938.

15. On or about November 1, 2011 the First Mortgage and Note was transferred to Plaintiff. A copy of the Assignment is attached as Exhibit D and incorporated herein.

16. Plaintiff erroneously prepared a Satisfaction Piece (the "Satisfaction") which referenced the First Mortgage rather than the mortgage on an unrelated property located in Pennsylvania owned by an unrelated Brian Welsh.

17. The Satisfaction was recorded on April 19, 2012 in the Office of the New Castle County Recorder of Deeds under Instrument No. 20120419-0021930. A copy of the Satisfaction is attached as Exhibit E and incorporated herein.

18. Welsh was in default and due for his September 2011 mortgage payment when the Satisfaction was executed and recorded.

19. Subsequently, Plaintiff, the current servicer of the First Mortgage, discovered that the First Mortgage was no longer of record and was erroneously satisfied and discharged by the recording of the Satisfaction.

20. The loan secured by the First Mortgage remains outstanding. As of October 28, 2014, the total payoff of the loan was $240,632.81. Copies of the payoff and loan history are attached as Exhibit F.

21. Plaintiff filed a Complaint in the Superior Court of the State of Delaware in and for New Castle County pursuant to 25 Del. Code §2122 on February 7, 2014. The case number of the Superior Court matter is N14M-02-039. A copy of the Superior Court docket is attached as Exhibit G.

543290

22. The hearing on the matter was scheduled to be heard on June 20, 2014.

23. Welsh was personally served on May 19, 2014.

24. Wells Fargo Home Equity was served on May 22, 2014.

25. Welsh filed the above captioned bankruptcy on June 18, 2014, two days before the scheduled hearing.

26. Welsh's Second Amended Bankruptcy Plan does not propose to pay the mortgage arrears even though he remains in default on the loan and had knowledge that the Satisfaction was erroneously recorded.

## V. STATEMENT OF CLAIMS

### First Claim – Request to Strike the Satisfaction of Mortgage

27. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if they were fully set forth herein at length.

28. Plaintiff has not received funds sufficient to payoff this mortgage.

29. Plaintiff's secured lien has ostensibly and erroneously been removed from the title record because of the erroneous Satisfaction.

30. 25 Del. Code §2122(b) provides that "if the Court is satisfied from the evidence produced that entry of the satisfaction ... has been made upon the record of such mortgage through inadvertence, error or mistake, ... the Court shall order and decree that the entry of satisfaction ... of such mortgage shall be stricken as if such satisfaction... had not been made." Further, Bankruptcy Courts have reinstated erroneously satisfied mortgages. See Accredited Home Lenders, Inc. v. Lauver, 372 B.R. 751, 757 (Bankr. W.D. Pa. 2007) (erroneous satisfaction stricken and mortgage reinstated if no innocent third party rights are negatively affected); In Re Veasey, 43 B.R. 396, 397 (Bankr. E.D. Pa. 1984) (erroneously satisfied mortgage reinstated

543290

where mortgage had not been paid).

31. Under Delaware law "when an encumbrance has been discharged through error, equity affords relief." Manufacturers and Traders Trust Co., v. Washington House Partners, LLC C.A. No. 11M-12-083 CLS, 2012 Del. Super. LEXIS 179, at *11 (Del. Super. Ct. Mar. 22, 2012). In Manufacturers and Traders Trust Co., the mortgage was erroneously satisfied and the second mortgage holder filed an answer to the rule to show cause because it held a subordinate mortgage which had been moved into first position. First, the Court stated that there was "no undue prejudice [to the second mortgage] because if the satisfaction is stricken [it] would be in the same position it would have been prior to the entry of the satisfaction. Id . at *6. Second, the second mortgage holder did not detrimentally rely on the mortgage satisfaction. Id. at *9. Third, the Court found that the second mortgage company was trying to take advantage of a mistake for its own benefit. Id. at *10 – 11.

32. The facts of this case are similar to the facts in Manufacturers and Traders Trust Co., v. Washington House Partners, LLC. In this case, the Satisfaction was erroneously recorded. Second, there would be no undue prejudice for the Second Mortgage holder as they would remain in the same position as if the Satisfaction had not been recorded. Third, Welsh is trying to take advantage of the mistake by his bankruptcy court filing where he does not acknowledge his debt remains owing, but states on his schedules and his response to the Objection to the Confirmation of Chapter 13 Plan that the Mortgage is satisfied.

33. Plaintiff will be greatly prejudiced and suffer irreparable harm and the Defendants will be unjustly enriched if the Satisfaction is not stricken from the land records.

WHEREFORE, the Plaintiff requests that this Honorable Court enter an order:

1. Declaring the Satisfaction Piece dated April 13, 2012 and recorded on April 19, 2012

543290

in the Office of the New Castle County Recorder of Deeds under Instrument No. 20120419-00221930 is null and void; and

2. Declaring that the Second Mortgage recorded May 9, 2007 in the Office of the New Castle County Recorder of Deeds under Instrument No. 20070509-0041938 is subordinate to the First Mortgage, recorded April 25, 2007, in the Office of the New Castle County Recorder of Deeds under Instrument No. 20070425-0037306; and

3. Instructing the Office of the New Castle County Recorder of Deeds to remove or cancel the Satisfaction dated April 13, 2012 and recorded on April 19, 2012 in the Office of the New Castle County Recorder of Deeds and reinstate the First Mortgage recorded April 25, 2007, in the Office of the New Castle County Recorder of Deeds under Instrument No. 20070425-0037306 as of the date it was first recorded April 25, 2007; and

4. Instructing the Office of the New Castle County Recorder of Deeds to record the Court's Order amongst its records; and

5. Ordering Defendant Welsh be responsible for Plaintiff's attorney's fees for filing and prosecuting this adversary complaint; and

6. Entering any other relief this Court deems just and proper to effectuate the requests in this Complaint.

Dated: October 31, 2013

<u>Michelle Berkeley-Ayres</u>
Michelle Berkeley-Ayres, Bar #4635
Attorney for Bank of America, NA
913 North Market Street, Suite 1011
Wilmington, DE 19801
302-339-8800
mayres@atlanticlawgrp.com

543290