UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>BRIAN J. WELSH,<br><br>Debtor | Case No. 14-11503 (BLS)<br>Chapter 13 |
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP,<br>Plaintiff,<br><br>v.<br>BRIAN J. WELSH,<br><br>WELLS FARGO HOME EQUITY, a division of WELLS FARGO BANK, N.A.,<br>Defendants. | **BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>Adv. Proc. No. 14-50944 (BLS) |

## MOTION TO DISMISS

Defendant, Brian J. Welsh, ("Debtor") by and through his attorney, Erin K. Brignola, Esquire, hereby moves this Honorable Court (the "Motion") for the entry of an Order dismissing the Complaint filed in the above-captioned matter pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ( the "Federal Rules") and rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"), pursuant to 28 U.S.C. §§ 157, and 1334, and Rule 7012 of the Bankruptcy Rules.

2. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 of the United States Code which is pending in this District. The main case is Debtor's Bankruptcy case as identified as 14-11503 (BLS) in the United States Bankruptcy Court for the District of Delaware.

3. The legal predicate for the relief sought herein is Federal Rule 12(b) and Bankruptcy Rules 7012. This is a core proceeding.

## PARTIES

4. Plaintiff is Bank of America, N. A. ("Bank of America") as alleged successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loan Servicing, LP and is a corporation who conducts business in Delaware.

5. Defendant, Brian J. Welsh, is an adult individual who became the Debtor on June 18, 2014, ("Petition Date") as he filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code.

6. The Chapter 13 Trustee, Michael B. Joseph (the "Trustee") was appointed.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

7. Debtor resides at 1908 Gheen Road, Wilmington, DE 19808 (the "Residential Property") which he purchased on April 19, 2007.

Debtor agrees and incorporates the facts and Exhibits attached as set forth in Plaintiff's complaint paragraph numbers 8- 15.

8. Plaintiff recorded the First Mortgage Satisfaction piece ("Satisfaction") on April 19, 2012 in the Office of the New Castle County Recorder of Deeds, DE as stated in Plaintiff's paragraph number 17 and as attached as Exhibit E to the Complaint.

9. Debtor is knowledgeable that Plaintiff has taken the position that the Satisfaction was in error, with the assertion in their Superior Court complaint that the correct party to the Satisfaction document as alleged is a different Brian J. Welsh, who resides in another County in the State of Pennsylvania. According to this adversary complaint, Debtor was served with this DE Superior Court action on May 19, 2014 which is within 90 days of his Bankruptcy Petition filing under Chapter 13. The Plaintiff provides only the DE Superior Court docket history as Exhibit G. They do not include the actual Superior Court documents as filed, in which Bank of America also admits that they have searched the real property records and have found only the surviving Wells Fargo mortgage referenced below.

10. Since April 19, 2012, any potential purchaser of this real property, would have notice of one mortgage dated May 3, 2007, recorded May 9, 2007 as instrument number 20070509-0041938, between the parties: Mortgage Electronic Registration Services, Inc ("MERS") (C & F Mortgage Corp) and Brian J. Welsh, married. This is attached to Plaintiff's adversary complaint as Exhibit C and the facts presented in Plaintiff's complaint as numbered 13 and 14 correspond to these same facts. This mortgage was assigned from MERS to Wells Fargo Bank, N.A. ("Wells Fargo") by instrument number 20131105-0069887 recorded November 5, 2013 in the DE New Castle County Recorder of Deeds office. The lien and bring down search is attached as Debtor's Exhibit 1.

11. Two Judgments also appear of record, pursuant to a bring down search for Brian J. Welsh of 1908 Gheen Road, both of which identify a collection party, not named in this proceeding; namely CALVARY SPV 1, LLC, ("CALVARY"). CALVARY recorded judgments appearing as N13J-02520 efiled July 15, 2013 and N14J-02097 efiled May 22, 2014 which are both scheduled to be quashed by the Debtor within his plan process. (See Debtor's Exhibit 1)

12. Wells Fargo, identified as the only secured creditor with a purchase- money lien on Debtor's Residential Property, has confirmed the facts set forth herein by its proof of claim filing, in the Debtor's main case, identified as claim number 7. (See attached Exhibit 2)

## ARGUMENT

13. Bankruptcy Rule 7012 (b) provides that Fed.R.Civ.P. 12 (b)(6) applies pursuant to Federal Rule 12(b)(6) in adversary proceedings, which provides for the dismissal of a complaint upon Plaintiff's failure to state a claim upon which relief can be granted. This Complaint must be dismissed, as the Plaintiff complains of their mistake in Satisfying the First Mortgage lien in April 2012. Upon the filing of the Bankruptcy Petition, this claim by Plaintiff to reverse the Satisfaction can not be done.

From April 2012 to June 2014, when the Bankruptcy petition was filed, and at the present time, Plaintiff had no lien on this Residential Property and a *Bona Fide* Purchaser would have no notice of a Bank of America "lienhold Interest" as alleged.. There is no recorded mortgage for Bank Of America as outstanding since this satisfaction on April 19, 2012.

The Debtor could have sold this property at any time after April 19, 2012 and Bank of America would not have received any notice of such at the settlement table. The Debtor, now standing in the shoes of the Trustee, pursuant to 11 USC section 522(h) and in turn, the Trustee having strong arm powers under 11 USC section 544(a)(3), (which gives the Trustee the rights and powers of a hypothetical judicial lien creditor or a *bona fide* purchaser of real property at the time of the commencement of the case, the Petition Date, regardless of the actual existence of such creditor or purchaser). may use these powers to defeat this claim The Bank of America request of reversal can not be done with these strong arm powers in place.

4

14. Plaintiff's first claim is the request to strike the Satisfaction recorded on April 19, 2012. The action is predicated on the case of **Accredited Home Lenders, Inc. v. Lauver, 372 B.R. 751, 757 (Bankr. W.D. Pa 2007),** which has since been abrogated in the Third Circuit by the latest Pennsylvania case on point of **Zebley v. First Horizon Loans (In re Ong), 458 B.R. 717, 2011 Bankr. LEXIS 4166 (Bankr. W.D. Pa 2011). ("Zebley")**

Like, the **Zebley** facts, the record search by a *bona fide* purchaser, would not alert anyone, neither the "purchaser" nor the "lienholder", that a lien not properly recorded and in our case, already Satisifed, and thus a purchaser would have no notice nor impediment to clear title passing. In **Zebley**, the Trustee was not only successful in defeating First Horizon's claim that the absence of a mortgage record at the Petition Date would prevail even with constructive notice claims asserted under **In re Lauver, 372 B.R. &51 (Bankr. W. D. Pa. 2007),** but this **Zebley** trustee was also effective in his preference claim against First Horizon for mortgage payments paid voluntarily by the Debtor within 90 days of the Petition Date.

In our case, this Debtor did not agree to any constructive notice, or that he has Bank of America as a secured or unsecured creditor and has not paid any funds to Bank of America, according to the plaintiff's exhibit F and the plaintiff's complaint number 18, since prior to the April 2012 satisfaction.

The **Zebley** Court, relies on the **Wohlfeil** decision **(In re Wolfeil, 322 B.R. 302 (Bankr. E. D. Mich. 2005)** and summarizes the **Wohlfeil** decision:

> *What the Wohlfeil Court essentially held is that matters of record that are not in existence by, at the latest, immediately prior to the instant that a bankruptcy petition is filed cannot constitute constructive notice to a bankruptcy trustee sufficient to defeat such trustee's strong arm power under section 544(a)(3); Zebly* pg. 723.

5

15. Plaintiff, Bank of America asserts an equitable defense as to inequities and hardship, and asserts in final the suffering of this Plaintiff of a great prejudice and irreparable harm with unjust enrichment to this Debtor should not this Satisfaction error be reversed. The Debtor, (while having no requirement in his motion to dismiss for failure to state a claim for relief), would respond to Plaintiff that the reversal of this lien will cause extreme hardship, irreparable harm and prejudice to not only his family but would have ramifications to all the other existing lienholders who made no "alleged" errors.

Bank of America presented in its complaint a bare acknowledgment that they had kept sloppy records and should not be rewarded for their negligent accounting and non-attention to these mortgage claims; whether or not all of the story will ever be told. These pleadings proclaim that this simple reversal change would have little impact on the Debtor and no impact on the Second Mortgage holder, Wells Fargo, as they took second position before the satisfaction. While that rings true at first glance, we do not have to look to DE law concerning the inequities alleged. DE law would be reviewed as to the title clearance issues. DE is a race to the Courthouse state. Hence we would look to the title as a *bona fide* purchaser to inspect the record, in this case at the Petition Date. At the Petition Date, no mortgage by Bank of America existed. The only mortgage was that of Wells Fargo. The Wells Fargo mortgage is $56,070.45, per the proof of claim filed, with payments under the Note until June 1, 2022. The Bank of America payoff as of October 28, 2014 as stated under paragraph 20 of this complaint is $240,632.81.

The value of the home is exceeded by the Bank of America claim and thus if the reversal were granted, Debtor would have another adversary battle to contend with. Assuming that he was successful in stripping the Wells Fargo mortgage, he would also seek for the return of those

payments paid within 90 days of his filing to date. He would have to recalculate his budget as the mortgage and Note terms are far greater under this Satisfied mortgage than under the Wells Fargo mortgage in place as the sole purchase money mortgage lender. In addition to all those legal proceedings and hoops to jump, he would have to evaluate if the plan would be feasible with these changes and if the home ownership would prove feasible with a lien of over $50,000 greater than the value . He would also have to pay another $50,000 in rectifying pre-petition mortgage arrears claims of Bank of America. So this simple reversal would cost far more to the Debtor than it would to a bank that is in the business of loaning and collecting money and makes the mistake of, according to them, Satisfying their $240,000 claim in the wrong State and on the wrong property. They made this "mistake" two years before their discovery and action to reverse their error.

16. This is Debtor's home. It is necessary to his effective reorganization and he has proposed a feasible plan which can be confirmed. He should not be required to defend this Adversary action, at his expense, when the Plaintiff sat on their hands for at least two years before they noticed any alleged error. The Bankruptcy Code and Bankruptcy Rules do not allow for the correcting of the creditor mistakes at this juncture assuming the facts as presented by the Complaining party to be true. Debtor disagrees with the simple mistake argument but it is irrelevant at this juncture.

## CONCLUSION

WHEREFORE, Debtor asserts that this complaint must be dismissed with prejudice as the Plaintiff fails to state a claim for relief which can be granted. This complaint should be dismissed with fees and costs borne by the Plaintiff, as the facts presented, can not be interpreted under the Bankruptcy Code and Bankruptcy Rules in any other way. The reliance on case law for

this untenable position that has been abrogated by the same Pennsylvania Court should have been reviewed and analyzed prior to the filing of the complaint. Debtor asserts that the fundamental goal of the Bankruptcy Code is to provide a fresh start and Plaintiff's position in this complaint would unnecessarily burden the Debtor's fresh start actions as well as cost him financially. The burden should be borne by the Plaintiff. To that end, Debtor would request as his prayer for relief that he be granted an award of legal fees and costs.

> Respectfully Submitted,
>
> **COOPER LEVENSON, P.A.**
>
> By: *s/ Erin K. Brignola*
> Erin K. Brignola, Esquire (DE 2723)
> 30 Fox Hunt Drive
> Fox Run Shopping Center
> Bear, DE 19701
> (302) 838-2600
> *Debtor's Counsel*

Dated: January 9, 2015