IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BRIAN J. WELSH<br><br>Debtor<br><br>---<br><br>BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP,<br>Plaintiff<br><br>vs.<br>BRIAN J. WELSH<br><br>WELLS FARGO HOME EQUITY, a division of WELLS FARGO BANK, N.A,<br>Defendants | Case No. 14-11503 BLS<br>Chapter 13<br><br>Adv. Proc. No. 14-50944 |

## RESPONSE TO MOTION TO DISMISS

Plaintiff, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, ("Plaintiff") by and through its attorney, hereby responds to the Motion to Dismiss filed by Defendant, Brian J. Welsh, ("Debtor") as follows:

### I.    JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and (b)(2)(O).

3. Venue is property pursuant to 28 U.S.C. § 1409(a).

543290

## II. PARTIES

4. Plaintiff, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP is a corporation who conducts business in the State of Delaware. Plaintiff's address is 100 North Tryon Street, Charlotte, NC 28255.

5. Defendant, Brian J. Welsh is the Debtor in the above captioned bankruptcy case. He resides at 1908 Gheen Road, Wilmington, DE 19808.

6. Michael B. Joseph is the Chapter 13 Trustee.

## III. FACTS

7. The facts are undisputed and as laid out in the Complaint and Motion to Dismiss are incorporated herein.

## IV. ARGUMENT

8. The Trustee would be precluded from obtaining the status of a bona fide purchaser due to constructive notice. In re Wolfeil, 322 BR 302, 305. Constructive notice is given of a competing interest "[pursuant to relevant state law]" In re Ong, 458 BR 717, 720 (Bankr. WD Pa 2011). Plaintiff had filed its state court action prior to the bankruptcy petition and as such, the issue was of record.

9. The Bankruptcy Code does not give direction regarding the reinstatement of a secured creditor lien. Therefore the Court must look to state law. 25 Del. Code §2122(b) provides that "if the Court is satisfied from the evidence produced that entry of the satisfaction … has been made upon the record of such mortgage through inadvertence, error or mistake, … the Court shall order and decree that the entry of satisfaction … of such mortgage shall be stricken as if such satisfaction… had not been made." As stated previously, the Trustee is not a

543290

bona fide purchaser because the state court action provided constructive notice. And as such, the Trustee cannot avoid the lien.

10. The Debtor does not dispute the existence of the state court action. The delay is not relevant as the action was filed prior to the petition. In addition, the Debtor has not disputed that the debt is in default.

11. The Debtor's borrowed money with the intent to pay. The default existed prior to the erroneous Satisfaction and thus should not reap the windfall of his default. In addition, the Debtor can file to strip any junior lien in order to make his plan feasible, if the mortgage is reinstated.

12. Plaintiff will be greatly prejudiced and suffer irreparable harm and the Defendants will be unjustly enriched if the Satisfaction is not stricken from the land records.

WHEREFORE, the Plaintiff requests that this Honorable Court deny Debtor's motion to dismiss and grant Plaintiff's attorney's fees for responding to the motion.

Dated: May 1, 2015         /s/ Michelle Berkeley-Ayres
                           Michelle Berkeley-Ayres, Bar #4635
                           Attorney for Bank of America, NA
                           913 North Market Street, Suite 1011
                           Wilmington, DE 19801
                           302-339-8800
                           mayres@atlanticlawgrp.com

543290