## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| BRIAN J. WELSH | ) | Case No. 14-11503(BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| SUCCESSOR BY MERGER TO BAC | ) | |
| HOME LOANS SERVICING, LP | ) | |
| F/K/A | ) | |
| COUNTRYWIDE HOME LOAN | ) | |
| SERVICING, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 14-50944 |
| | ) | (BLS) |
| BRIAN J. WELSH AND WELLS FARGO | ) | |
| HOME EQUITY, a division of WELLS | ) | |
| FARGO BANK, N.A., | ) | Docket Ref. No. 11, 15, |
| | ) | 16 |
| | ) | |
| Defendants. | ) | |
| | ) | |

COOPER LEVENSON, P.A.
Erin K. Brignola, Esquire
Fox Run Shopping Center
30 Fox Hunt Drive
Bear, DE 19701
*Counsel to Debtor - Defendant*

ATLANTIC LAW GROUP, LLC
Michelle Berkeley-Ayres, Esquire
913 N. Market Street, Suite 1011
Wilmington, DE 19801
*Counsel to Plaintiff*

Michael B. Joseph, Esquire
824 Market Street
O. Box 1351
Wilmington, DE 19899
*Chapter 13 Trustee*

# OPINION

Before the Court is Debtor-Defendant Brian J. Welsh's ("Debtor") Motion to Dismiss (the "Motion") Bank of America N.A.'s ("BofA" or "Plaintiff") Complaint to Determine the Validity, Priority or Extent of Bank of America's Lien [Adv. Docket No. 11]; Plaintiff's Response to the Motion ("Response") [Adv. Docket No. 15]; and Debtor's Reply thereto ("Reply") [Adv. Docket No. 16]. Because the parties have presented matters outside the pleadings, the Court will treat the Motion as a request for summary judgment. *See* Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ P. 56(d)). For the following reasons, Debtor's Motion will be granted.[1]

## I. INTRODUCTION

Plaintiff was assigned the mortgage and note to Debtor's real property. BofA thereafter mistakenly filed a satisfaction piece for the mortgage while Debtor was in material default and still had payments due. Plaintiff filed a complaint in state court to strike its erroneous satisfaction, but Debtor filed for bankruptcy relief in this Court prior to the state court adjudicating the satisfaction issue. In the bankruptcy case, Plaintiff filed a complaint, which requested that, *inter alia*, the Satisfaction be declared null and void and the mortgage reinstated. Debtor filed a motion to dismiss, asserting that Bankruptcy Code § 522(h) permits him to step into the role of a trustee and avoid Plaintiff's lien under the strong arm provision embodied in § 544(a)(3). For the

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent that this Court's authority is determined to be within the parameters of 28 U.S.C. § 157(c)(1), this Opinion and the accompanying Order shall be deemed to be the Court's proposed findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 9033.

reasons stated below, the Court finds that a bona fide purchaser would not have been on notice of the state court action as of the Petition Date. Therefore, Debtor may avoid the lien pursuant to § 544(a)(3), and the Court will grant the Motion.

## II. BACKGROUND

Debtor owns and resides at 1908 Gheen Road, Wilmington, DE 19808 (the "Property"). On April 19, 2007, Debtor purchased the Property by executing and delivering to C & F Mortgage Corporation ("C & F") a promissory note (the "Note") for $205,000 plus 5.875% per annum interest rate, attorneys' fees, costs, and late charges to be paid over thirty years. That same day, Debtor also executed and delivered a $205,000 mortgage on the Property to Mortgage Electronic Registration Services, Inc. ("MERS") ("First Mortgage"). The First Mortgage showed C & F as the lender; and it was subsequently recorded on April 25, 2007, in the Office of New Castle County Recorder of Deeds in Delaware (the "Recorder of Deeds"). On May 3, 2007, Debtor executed and delivered a second mortgage for $60,000 on the Property ("Second Mortgage") with MERS that was also recorded in the Recorder of Deeds. C & F was also the lender on the Second Mortgage.

MERS assigned the First Mortgage and Note to BofA on November 1, 2011. On April 13, 2012, BofA prepared a satisfaction instrument (the "Satisfaction") for the First Mortgage and recorded it that same day, even though Debtor was in material default and still had payments due. Although the Satisfaction referenced Debtor's First Mortgage and the Property, the record indicates that it was actually intended for an unrelated Pennsylvania property owned by a different

Brian Welsh. As of November 10, 2014, Debtor owed $240,632.81 on the note.

The Second Mortgage was also assigned by MERS to Wells Fargo Bank, N.A. ("Wells Fargo") on November 3, 2013. Wells Fargo recorded its interest that same day. No satisfaction was filed as to Wells Fargo's mortgage.

On February 7, 2014 – nearly two years after the filing of hte Satisfaction – Plaintiff filed a complaint in the Superior Court of the State of Delaware (the "Superior Court Complaint"). Plaintiff sought to set aside the Satisfaction pursuant to 25 Del. Code § 2122. All parties were served in May 2014. A hearing to set aside the Satisfaction was scheduled to be heard on June 20, 2014.

However, Debtor filed a Chapter 13 petition with this Court on June 18, 2014. Notice of Debtor's bankruptcy petition was filed with the Superior Court the next day, and the proceedings relating to the Superior Court Complaint were stayed by operation of Bankruptcy Code § 362(a).

The record reflects that a title search of the Property does not identify the First Mortgage, but it does show the Second Mortgage. A *lis pendens* was not filed with the Recorder of Deeds to reflect the commencement of the state court lawsuit to strike the Satisfaction and reinstate the First Mortgage. In addition to the Second Mortgage, two judgments from Calvary SPV 1, LLC ("Calvary"), a collection party not named in this adversary proceeding, also appear on a title search of the Property. Calvary's judgments appear separately as N13J-02520 and N14J-02097, and were electronically filed on July 15, 2013, and May 22, 2014, respectively. Both judgments and the Second Mortgage are

treated in Debtor's amended Chapter 13 plan (the "Second Amended Plan"). Debtor does not provide for payments on account of the First Mortgage in the Second Amended Plan.

On October 31, 2014, BofA commenced this adversary proceeding by filing the Complaint to Determine the Validity, Priority or Extent of its Lien with this Court. The following relief is requested: (1) the Satisfaction be declared null and void; (2) the Second Mortgage be subordinated to the First Mortgage; (3) the Recorder of Deeds cancel or remove the Satisfaction and the First Mortgage be reinstated; (4) the Recorder of Deeds record the Court's Order amongst its records; and, (5) Debtor be responsible for Plaintiff's attorney's fees for filing and prosecuting this Complaint. A Motion to Dismiss the Complaint was filed by Debtor on January 1, 2015.  Plaintiff's Response and Debtor's Reply thereto was filed on May 1, 2015, and May 13, 2015, respectively. Briefing is complete and the issue is ripe for disposition.

## III. JURISDICTION & VENUE

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court under to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion constitutes a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A), (K), and (O).

## IV. STANDARD OF REVIEW

Debtor has filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Bankruptcy Procedure 7012 and Federal Rules of Civil Procedure 12(b)(6).  The Court treats the Motion as a motion for summary judgment, as each side's submissions address matters outside the four

corners of the Complaint. *See* Fed. R. Bankr. P. 7056 (incorporation Fed. R. Bankr. P. 56(d), which permits review of a rule 12 motion under the summary judgment standard where the pleadings warrant).

### A.   Legal Standard for Summary Judgment

Federal Rule of Civil Procedure 56(a), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Supreme Court has explained that an issue of material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) The Supreme Court further explained that materiality is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The movant bears the burden of establishing the absence of a genuine dispute as to a material fact. After the movant has made the requisite showing, the burden shifts to the non-movant to establish that summary judgment is not warranted. In deciding a motion for summary judgment, the Court must view all facts in the light most favorable to the non-movant to determine whether the movant is nonetheless entitled to judgment as a matter of law. Moreover, the Court must draw all inferences in favor of the non-movant and "where

the non-moving party's evidence contradicts the movant's ... the non-movant's must be taken as true."[2]

## V. THE PARTIES' POSITIONS

Debtor makes two arguments in support of his Motion. First, Debtor asserts that he is able to stand in the shoes of a trustee under § 522(h), thereby permitting his use of the strong arm powers embodied in § 544(a)(3). Under § 544, Debtor states that he can preclude Plaintiff from reinstating the First Mortgage. Debtor asserts that a title search would not have put a bona fide purchaser on notice of any matters of record regarding Plaintiff's First Mortgage, as it is undisputed that no *lis pendens* was filed or recorded. Debtor contends that settled Delaware law provides the possibility of a docket search of state court filings is insufficient to put a bona fide purchaser on notice, especially since the matter was not fully adjudicated by the time his bankruptcy case commenced.

Alternatively, Debtor claims that vacating the Satisfaction and reversing the lien will cause hardship, irreparable harm, and prejudice to his family and other lienholders who did not make errors related to the Satisfaction. Debtor points to Plaintiff's sloppy records, negligent accounting, and a lack of attention to the mortgage claim as the cause of Plaintiff's mistake. Additionally, the amount due under the First Mortgage exceeds the Property's value; Debtor proffers that striking the Satisfaction and reinstating said mortgage would cause Debtor to

---

[2] *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir.1994) (internal quotation marks omitted) (citation omitted). *See also Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976) ("Inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion. The non-movant's allegations must be taken as true and, when these assertions conflict with those of the movant, the former must receive the benefit of the doubt.").

engage in additional adversarial battles. Debtor suggests that he will not only have to strip Well Fargo's Second Mortgage, but he will also have to seek return of payments made to Wells Fargo within the 90 day period before the petition and re-evaluate the Second Amended Plan's feasibility. Thus, Debtor pleads that this Court should not correct the error when Plaintiff took no remedial action for two years.

Plaintiff offers two main arguments in support of its Complaint. First, Plaintiff contends that Delaware law permits the erroneous satisfaction to be stricken when sufficient evidence demonstrates that the satisfaction was made through inadvertence, error, or mistake. Wells Fargo will not suffer an undue prejudice according to Plaintiff because the Second Mortgage will remain in precisely the same position it was originally in had the Satisfaction not occurred. Plaintiff suggests that Debtor is taking advantage of the error, and as a result will receive a windfall that would result in irreparable harm and prejudice to Plaintiff.

Second, Plaintiff argues that the trustee would be precluded from exercising his "strong arm" powers under § 544 because the trustee is not a hypothetical bona fide purchaser due to constructive notice. Specifically, Plaintiff asserts that a bona fide purchaser would be on notice of the Superior Court cause of action.

## VI. DISCUSSION

### A. DEBTOR MAY AVOID THE LIEN ON THE PROPERTY WITH TRUSTEE'S STRONG ARM POWERS WHEN SECTION 522(G) AND (H)'S STATUTORY REQUIREMENTS ARE MET.

Section 522(h) permits a debtor to avoid transfers of certain exempt property. *See* 11 U.S.C. § 522(g); *see also* In re Trosky, 371 B.R.

701, 706 (Bankr. M.D. Pa. 2006). A debtor must establish five requirements: (1) the debtor must have transferred the property involuntarily; (2) the debtor did not conceal the property; (3) the trustee did not attempt to avoid the property's transfer; (4) the debtor wants to exercise avoidance powers listed within § 522(h)(1); and, (5) the debtor must be able to exempt the property from the estate if a trustee avoided the transfer pursuant to provisions found in § 522(g). *See In re Patton*, 314 B.R. 826, 831 (Bankr. D. Kan. 2004); *In re Shifano*, No. 12-11148, 2013 WL 85203 *1, *4 (Bankr. D. Del. 2013). Once these elements are met, a debtor may avoid unrecorded liens for his own benefit through a trustee's strong arm powers under § 544(a)(3). 11 U.S.C. § 522(h); *see In re Meyers*, 262 B.R. 445, 447 (Bankr. N.D. Ind. 2001).

Under the allegations pled in the Complaint, Debtor meets § 522(g) and (h)'s statutory requirements. While Debtor's initial granting of the First Mortgage is a voluntary transfer, a recorded satisfaction piece clearly extinguishes a mortgage under Delaware law. *See* 25 Del. Code § 2113. Plaintiff's subsequent attempt to strike the Satisfaction and reinstate the First Mortgage is not voluntary on the part of Debtor. Thus, the first element is satisfied.[3]

Additionally, the Complaint does not allege that Debtor concealed the Property, nor that a trustee sought to avoid the First Mortgage under § 544. In his Motion, Debtor seeks to use § 544(a)(3), which is encompassed within § 522(h)(1), as a defense to Plaintiff's request to strike the Satisfaction and reinstate the First Mortgage. The

---

[3] The Court further observes that, even if this were a voluntary transfer, it is abundantly clear that the Chapter 13 Trustee would be able to avoid the lien by an exercise of strong arm powers under 11 U.S.C. § 544(a)(3), which may not otherwise be available to a chapter 13 debtor.

Property is Debtor's home and can be exempted under § 522(b). Therefore, Debtor may avoid the Property's transfer.

### B. TRUSTEE WOULD BE DEEMED A BONA FIDE PURCHASER WITHOUT NOTICE UNDER SECTION 544(A)(3) WHEN NO NOTICE OF PENDENCY SHOWING THE SUPERIOR COURT CAUSE OF ACTION WAS RECORDED.

Under § 544, a trustee has the rights and powers to avoid any property a debtor transfers or any obligation a debtor incurs that is voidable by

> "a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists."

11 U.S.C. § 544(a)(3). *See Zebley v. First Horizon Loans (In re Ong)*, 458 B.R. 717, 720 (Bankr. W.D. Pa. 2011) ("*Ong*"). As a hypothetical purchaser, a trustee is deemed to have conducted a title search, paid value for the property, and perfected his interest as a legal titleholder at the time of the bankruptcy filing. 5 *Collier on Bankruptcy*, ¶ 544.05 (16th ed. 2011); *see Ong*, 458 B.R. at 720.

State law determines what rights and powers a trustee has as a bona fide purchaser. 5 *Collier on Bankruptcy*, at ¶ 544.05; *see Ong*, 458 B.R. at 720. Hence, a trustee's strong arm powers cannot override the applicable state's recording statute and constructive notice requirements. 5 *Collier on Bankruptcy*, at ¶ 544.05; *see Ong*, 458 B.R. at 720. Additionally, where there are "matters of record giving constructive notice of competing interests—for example, because of . . . a divorce decree, a pending divorce proceeding, a *lis pendens*, or an

inquiry notice of a prior claim—[a] trustee is precluded from using the avoiding powers." *Ong*, 458 B.R. at 720-21 (quoting 5 *Collier on Bankruptcy*, ¶ 544.02[2] at 544–7). Notice is analyzed from the standpoint of a hypothetical purchaser, which means that it is inconsequential whether a trustee has actual knowledge of a lien or defect. 5 *Collier on Bankruptcy*, at ¶ 544.05; *see Ong*, 458 B.R. at 721. This is the case even when state substantive law precludes a potential buyer from becoming a bona fide purchaser due to the buyer's actual knowledge of an existing lien or defect. 5 *Collier on Bankruptcy*, at ¶ 544.05; *see Ong*, 458 B.R. at 721.

    As noted, the Property is located in Delaware. Under Delaware's "race notice" statutes, a mortgage holder's priority is determined by when its mortgage was recorded in the correct office, without regard to the time it was sealed or delivered. 25 Del. Code § 2106. A lien on a property is created at the time it is recorded, not any time before then. 25 Del. Code § 2106; *see Handler Const., Inc. v. CoreStates Bank, N.A.*, 633 A.2d 356, 367 (Del. 1993). As a race notice jurisdiction, a bona fide purchaser is deemed to be on constructive notice of any mortgage and the content therein when filed with the proper office. *Handler Const., Inc.*, 633 A.2d at 366 ("The Delaware statute reflects a legislative judgment that requiring constructive notice by timely recordation in virtually every case, rather than permitting the consideration of a third party's actual notice, promotes the reliability and consistency of the mortgage priority system for real property."); *see also Holley v. Jackson*, 158 A.2d 803, 807 (Del. Ch. 1959)("[A]s a general rule . . . a purchaser has constructive notice of any recorded encumbrance on land.").

    When a mortgagor's debt or obligation under the mortgage for

real property is completely performed, a satisfaction is recorded with the appropriate office pursuant to 25 Del. Code § 2111. A recorded satisfaction extinguishes the mortgage and has the same effect as if the mortgage never existed. 25 Del. Code § 2113; *see Accredited Home Lenders v. Lauver*, 372 B.R. 751, 756 (Bankr. W.D. Pa. 2007) (indicating that once a mortgage satisfaction piece is recorded it forever discharges and releases the mortgage's lien and debt). If a mortgagee inadvertently, erroneously, or mistakenly records a satisfaction piece for the real property, Delaware law provides that

> "any person or party affected by such inadvertence, error or mistake may, upon sworn petition to the Superior Court of the county in which such mortgage was recorded, setting forth the facts, obtain from such Court a rule on the mortgagor or obligor or their heirs, executors, administrators or assigns returnable at such time as the Court may direct, requiring such mortgagor or obligor or their heirs, executors, administrators or assigns to appear on the day fixed by the Court and show cause, if they have any, why the entry of satisfaction or other indication of a mortgage satisfaction should not be stricken."

25 Del. Code § 2122. If the Superior Court determines that enough evidence shows that the satisfaction was made inadvertently, erroneously, or mistakenly, the court will "order and decree that the entry of satisfaction or other indication of a mortgage satisfaction . . . be stricken as if such satisfaction or other indication of a mortgage satisfaction had not been made." 25 Del. Code § 2122.

The common law doctrine of *lis pendens* refers to the notice that bona fide purchasers received when litigation was pending before a court, which may potentially affect title to a real property. *DiSabatino v. Salicete*, 695 A.2d 1118, 1119 (Del. 1997). This includes a Superior Court

case to strike an erroneous, mistaken, or inadvertent satisfaction piece. Although the common law doctrine of *lis pendens* did not create a lien on a property, it did operate to provide notice to potential buyers that, if purchased, they would be "subject to whatever valid judgment ultimately might be rendered in the litigation." *Id.* Historically, the filing that commenced the litigation was adequate to provide notice to third parties, thereby rendering a separate notice of litigation recording with the proper office superfluous. *Id.* All the common law doctrine of *lis pendens* required was that the "underlying litigation be filed in good faith and that it be addressed to the title or other interests in a specific and identified parcel of land." *Id.*

However, in 1989, upon concerns that the common law doctrine of *lis pendens* could be abused, the Delaware legislature enacted Chapter 16 of Title 25 of the Delaware Code, effectively repealing the common law doctrine. *Id.* at 1120. Delaware now requires a notice of pendency *to be recorded* in order for potential real property purchasers to be on constructive notice of an ultimate judgment's binding nature when litigation is pending. 25 Del. Code § 1603(a); *see also DiSabatino*, 695 A.2d at 1120. Therefore, "unless and until a notice of pendency is filed . . . no action shall, before final judgment is entered therein, be deemed to be constructive notice to a person acquiring or having acquired a lien on or any other interest in the affected real estate." 25 Del. Code § 1603(b).

In this case, no facts are alleged that would defeat a trustee's strong arm powers under § 544(a)(3). First, Plaintiff asserts that the erroneously satisfied mortgage should be reinstated because it had not received sufficient funds from Debtor to pay off the First Mortgage's

balance. Plaintiff relies on *In re Veasey* to buttress its position, but that case is distinguishable on its facts and § 544(a)(3)'s inapplicability. 43 B.R. 396 (Bankr. E.D. Pa. 1984). In *Veasey*, the creditor's mortgage was recorded satisfied due to its own clerical error. *Id.* The mistake occurred after the debtor's chapter 13 petition and creditor's proof of claim was filed with the bankruptcy court. *Id.* Additionally, the debtor stopped making further payments as they became due when she received the erroneous satisfaction, despite the creditor's request for the mortgage's return. *Id.* at 396-97.

The *Veasey* court ordered the post-petition satisfaction stricken and the mortgage reinstated because the satisfaction was actually intended for another property. *Id.* at 397. ("A satisfaction inadvertently applied to the wrong mortgage, and not in accord with the real intention of the satisfying party may be set aside and the mortgage reinstated."). However, the court suggested that the mortgage's erroneous satisfaction would be of no "virtue," except as to a bona fide purchaser or other mortgagee without notice. *Id.* at 397 (""There is no virtue in the satisfaction of a mortgage, except, perhaps, as to purchasers or other mortgagees without notice, that prevents either a fraud or mistake in the satisfaction from being corrected."). Therefore, it is possible that a bona fide purchaser could have had a superior interest than the creditor, if the mistake had occurred pre-petition and the purchaser had no notice, paid value, and perfected its interest prior to either the satisfaction being stricken or the bankruptcy filing.

Here, the circumstances in *Veasey* are not present. In this case, Debtor was in material default and stopped making payments prior to the Satisfaction's recordation, whereas the debtor in *Veasey* ceased

payments after she received the erroneous satisfaction post-petiton. *See Veasey*, 43 B.R. at 397. This is a significant temporal distinction because the First Mortgage's Satisfaction occurred on April 13, 2012, over two years prior to Debtor's bankruptcy filing on June 18, 2014. In *Veasey*, the satisfaction occurred after the creditor's proof of claim was filed in the bankruptcy case. *Id.* at 396. A bona fide purchaser in *Veasey* would have notice of the creditor's mortgage when the case commenced. *See id.* Hence, a trustee would be precluded from exercising his strong arm powers under § 544(a)(3) when a title search on the petition date would show the creditor's lien. Any hypothetical purchaser would have an inferior mortgage to the creditor in *Veasey*. *See id.*

Although Plaintiff correctly asserts that Wells Fargo will not be unduly prejudiced because the Second Mortgage will remain in the same position it was in prior to the Satisfaction, § 544(a)(3) does not contemplate prejudice to other mortgage holders. Here, a title search would show only the Second Mortgage and the two calvery judgments. Therefore, a bona fide purchaser would not be on notice of the First Mortgage. The mere fact that in both this case and *Veasey* the creditor mistakenly recorded a satisfaction instrument when there were payments still due is insufficient to prevent a trustee from utilizing § 544(a)'s strong arm provision in this case. *See id.*

Also, Plaintiff cites *Lauver*, but that case does not provide Plaintiff with a route around § 544(a)(3)'s applicability for two reasons. 372 B.R. 751. First, *Lauver*'s ruling that a debtor's bankruptcy filings put a trustee on notice was abandoned by that court several years later in *Ong*. *Ong*, 458 B.R. at 723 ("This Court . . . now holds, contrary to the way it did in *Lauver*, the information contained in a debtor's

bankruptcy schedules cannot serve to provide constructive notice to a bankruptcy trustee sufficient to defeat . . . strong arm power[s] under § 544(a)(3)."); *see also Lauver*, 372 at 761. Assuming *arguendo* that *Lauver* is still "good law," Plaintiff has not alleged that Debtor's bankruptcy filings acknowledged the First Mortgage's remaining balance. In fact, the Complaint points out that Debtor did not even treat the First Mortgage in his Second Amended Plan.

Additionally, the *Lauver* court stated that the ability to strike a satisfaction and reinstate a mortgage is limited to cases where the "rights of innocent third parties are not adversely affected." *Lauver*, 372 at 757. A bona fide purchaser without actual or constructive notice falls within the ambit of this limitation. *Id*. Constructive notice is determined exclusively by what a real property public records search would have produced. *Id*. Plaintiff does not allege that a title search of the Property would have revealed the First Mortgage. Thus, a trustee standing in the shoes of a hypothetical bona fide purchaser would not have notice of Plaintiff's mortgage.

When Debtor steps into the shoes of a trustee exercising strong arm powers, by way of § 522(h)(3), he becomes as a bona fide purchaser. This allows Debtor to avoid the extinguished First Mortgage. Plaintiff contends that *Lauver* allows the satisfaction to be stricken and its First Mortgage reinstated because no innocent third party's rights will be affected. However, Debtor as a hypothetical bona fide purchaser is considered an innocent third party. *Lauver*, 372 B.R. at 757. As noted above, under the Bankruptcy Code, a hypothetical purchaser is deemed to have conducted a title search, paid value, and perfected his interest in the Property on June 18, 2014; hence, he would

not have notice of Plaintiff's First Mortgage. Therefore, the hypothetical bona fide purchaser would have an interest subject to only the Second Mortgage and the Calvary judgments, and superior to the First Mortgage.

Even though Plaintiff's Complaint states that the Superior Court cause of action to strike the Satisfaction provides sufficient notice to preclude a trustee's § 544(a)(3) strong arm powers, *Ong*'s holding and Delaware law indicate that a mere state court filing is not enough. *See Ong*, 458 B.R. at 720-21. When Debtor assumes the status of a trustee for pursuant to § 522(h), his actual knowledge of the First Mortgage becomes inconsequential because he qualifies as a *hypothetical* bona fide purchaser under Delaware law. *See Ong*, 458 B.R. at 721 ("Even if a state's substantive law is such that actual knowledge will operate to prevent one from attaining the status of bona fide purchaser, bankruptcy law renders a trustee's actual knowledge of a lien or defect irrelevant by virtue of the provisions of § 544(a)(3).") (internal quotations omitted); *see also In re O'Connor*, 432 B.R. 175, 178 (Bankr. W.D. Pa. 2010) (quoting *In re Houston*, 409 B.R. 799, 806 (Bankr. D.S.C. 2009); *In re Anderson*, 266 B.R. 128, 132 (Bankr. N.D. Ohio 2001) ("The trustee's status as a bona fide purchaser is conferred without regard to any actual notice that the bankruptcy trustee may have, although constructive notice, if applicable state law so provides, is still relevant.").

Additionally, Debtor's actual knowledge of the Superior Court Complaint is insufficient. That fact alone would not preclude § 544(a)(3)'s application, because Delaware law provides that a bona fide purchaser has notice of a Superior Court action when a notice of

pendency is filed. 25 Del. Code § 1603(b). The Complaint does not assert that a notice of pendency referencing the Superior Court case to strike the Satisfaction was filed. In Delaware, a potential buyer of the Property is not be required to peruse court filings in order to sift out potentially binding judgments that may result from pending litigation. 25 Del. Code § 1614; *see also DiSabatino*, 695 A.2d at 1120.

    **C.    EQUITY NEITHER AFFORDS PLAINTIFF GROUNDS TO STRIKE THE ERRONEOUS SATISFACTION PIECE NOR DOES IT REINSTATE THE FIRST MORTGAGE.**

The Court acknowledges that Debtor will benefit mightily due to Plaintiff's honest mistake. But this benefit is precisely the result that the Bankruptcy Code requires under § 522 and § 544. *See e.g Meyers*, 262 B.R. at 447 ("[W]here all of the statutory requirements have been met [under § 522(g) and (h)], a debtor may use the trustee's avoiding powers for its own benefit."). Legislative history states that § 522(h) was designed to allow debtors to recover transferred property to their advantage, regardless of whether a claimant's error was unintentional. S. Rep. No. 95-989, at 77 (1978) ("[Subsection (h)] permits preserving a transfer for the benefit of the debtor."). When a Debtor exercises a trustee's strong arm powers as a hypothetical bona fide purchaser, he is presumed to have conducted a title search, paid value, and perfected his interest. If an actual buyer had done so, equity would not provide Plaintiff the remedy it seeks. Section 544(a)(3) does not distinguish erroneously satisfied mortgages from unrecorded liens. *See Anderson*, 266 B.R. at 132 ("[T]he strong-arm clause . . . permits a bankruptcy trustee to avoid any unrecorded or undisclosed interests in property if a bona fide purchaser would have prevailed over that interest.").

## VII. CONCLUSION

For the foregoing reasons, the Court finds and concludes that there is no genuine dispute of material fact, and that the Debtor is entitled to judgment as a matter of law. The Motion will be granted and judgment entered in Debtor's favor. An appropriate Order follows.

BY THE COURT:

Dated: October 1, 2015
Wilmington, Delaware

_____
Brendan Linehan Shannon
Chief United States Bankruptcy Judge